[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The court was incorrect in describing the mortgage to Mark Valentine, Esquire, Trustee, as "plaintiff's counsel" on page four of the court's Memorandum of Decision. The last word on line five, page four of the Memorandum of Decision should be changed from "plaintiff's" to "defendant's."
The court's order in paragraph six, page seven of the Memorandum of Decision is vacated and the following substituted therefore:
6. The defendant shall quitclaim all of her right, title and interest in and to the real property known as 3737 North Street, Fairfield, Connecticut, within thirty (30) days of the date hereof. The plaintiff shall indemnify and hold the defendant harmless from any and all mortgages, liens, encumbrances, charges, claims or demands connected with said property including, but not by way of limitation, the following: Dime Real Estate Service, Inc.; Capital Impact Corporation; Andrew, Wriedt, Kellogg Corrigan; Marie DeMilio; Max Fitelson Son, Inc. and United States Tax Liens. With regard to the mortgage to Mark Valentine, Esquire, Trustee, that shall be wholly the defendant's responsibility, and she shall indemnify the plaintiff from any and all claims or demands thereto. CT Page 115
Except as herein corrected, the other provisions of the court's orders shall remain as previously entered.
EDGAR W. BASSICK, III, JUDGE